Louie J. Yanza
MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
MILAROSE NILOOBAN

**FILED**
DISTRICT COURT OF GUAM

MAY 30 2006

MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| ELIZABETH TOLOSA-TAHA<br><br>Plaintiff,<br><br>vs.<br><br>MILAROSE NILOOBAN, NILO NILOOBAN, THE TESTATE AND INTESTATE SUCCESSORS OF EDGAR G.M. TOLOSA, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH EDGAR G.M. TOLOSA; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; AND DOES 1 to 50, INCLUSIVE,<br><br>Defendants. | CIVIL CASE NO. 06-00002<br><br>MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE<br><br>[ORAL ARGUMENT REQUESTED] |

## MOTION

Defendant **MILAROSE NILOOBAN** ("NILOOBAN") through counsel, MAHER • YANZA • FLYNN • TIMBLIN, LLP, by Louie J. Yanza, hereby moves this Court for an order dismissing the Complaint in its favor.

ORIGINAL

This motion is made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and is based on this Memorandum of Points and Authorities filed contemporaneously herewith, the supporting Declarations and evidence served and filed herewith, the record of the proceedings and papers on file herein, together with any and all arguments to be adduced at the hearing of the within entitled motion.

Dated this 30th day of May, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
MILAROSE NILOOBAN

By: _LOUIE J. YANZA_

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

The Plaintiff ELIZABETH TOLOSA-TAHA ("TAHA") is a resident of California. Defendant NILOOBAN is a resident of Guam. In the Plaintiff's Complaint, the Plaintiff has filed a claim for quiet title concerning real property located in Guam. The Plaintiff claims she is the sole heir and wishes this Court to issue a decree holding her as the legal titleholder to the real property. Amended Complaint, ¶8.

Defendant NILOOBAN is without knowledge of TAHA's rights to the property, but Defendant NILOOBAN denies she has any claim of ownership in the property. Defendant NILOOBAN is only a tenant in possession, without ownership rights to the property.

Because Defendant NILOOBAN has no ownership rights to said property, Defendant NILOOBAN asserts the Plaintiff fails to meet the amount in controversy requirement of $75,000 in this case and, therefore, this Court lacks subject matter jurisdiction.

Lastly, no court has adjudged the Plaintiff as the sole or lawful heir of the decedent's estate. Therefore, the Plaintiff lacks standing to assert this cause of action.

## II. ARGUMENT

### A. THE PLAINTIFF FAILS TO MEET THE $75,000 AMOUNT IN CONTROVERSY.

The district courts have original jurisdiction in civil actions when the matter in controversy exceeds the sum or value of $75,000 between citizens of different states. 28 U.S.C. §1332(a)(1). The party asserting federal diversity jurisdiction bears the burden of proving the case is properly in federal court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936).

Because diverse citizenship here is uncontested, the sole jurisdiction question before the Court is whether the minimum amount in controversy, required to maintain a diversity suit in federal court, is present. Since the Plaintiff asserts diversity jurisdiction, the Plaintiff bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Matheson v. Progressive Specialty Insurance Company, 319 F.3d 1089 (9th Cir. 2003).

Here, the amount in controversy does not exceed $75,000. The Defendant concedes that she has never maintained, had, or made a claim of ownership in the

property at issue. Defendant NILOOBAN has only been a tenant in possession. If at all, which the Defendant does not concede, there is a dispute between the Plaintiff and the Defendant. The disputed amount between the two would only amount to $12,658.74, plus any allowable legal interest. See, Exhibit "A". The disputed amount of $12,658.74 utterly fails to satisfy the $75,000 legal requirement. Therefore, as a matter of law, since the Plaintiff's complaint fails to satisfy the $75,000 "amount in controversy" requirement, this Court lacks subject matter jurisdiction and this matter must be dismissed.

### B. THE PLAINTIFF HAS NO STANDING TO SUE FOR QUIET TITLE.

There has been no Guam Superior Court adjudication or probate opened of the decedent, Edgar M. Tolosa's estate, which would adjudge or decree who are the rightful heirs to the decedent's property.

Since the decedent's property is situated in Guam, the Superior Court of Guam has jurisdiction for the probate of the decedent's estate:

> **Probation Jurisdiction in Superior Court of Guam.** Wills must be proved, and letters testamentary, letters of administration with the will annexed, letters of administration or special letters of administration granted, and administration of estates of decedents had, in the Superior Court of Guam.

15 G.C.A. §1403.

During the administration of a decedent's estate, there must be an administrator appointed by the court. 15 G.C.A. §1801. The administrator must be a resident of Guam. *Id.* (citing same qualifications as executors of wills, 15 G.C.A. §1701(c)(2)). Once the administrator is appointed by the Superior Court of Guam, the

court will then determine whether any child or heir is entitled to inherit the decedent's estate. 15 G.C.A. §§815~817.

The Plaintiff is somehow under the impression that she is entitled to all of the monies or properties of the estate because she claims she is an adopted child of the decedent. The problem with the Plaintiff's position is that there has been no Superior Court adjudication the Plaintiff is the lawful heir of the decedent and is entitled to all his properties. Probate of the decedent's estate must be opened to determine who are the lawful heirs of the decedent. This has not been done. No court has appointed the Plaintiff, or anyone, as the administrator of the decedent's estate, and the Plaintiff, being a resident of California, woefully fails to meet the residency requirements of administrator for the decedent's estate. Either the Plaintiff has prematurely filed the lawsuit without opening probate, or is attempting to completely skirt administering the decedent's estate so she will be adjudged to have quiet title to the property. In either case, the Plaintiff cannot assert quiet title to the property, as she has no standing to file suit.

## CONCLUSION

Wherefore, Defendant NILOOBAN respectfully requests that this matter be dismissed as there is no subject matter jurisdiction and the Plaintiff lacks standing.

Respectfully submitted this 30th day of May, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**MILAROSE NILOOBAN**

By: _____
LOUIE J. YANZA

5

## CERTIFICATE OF SERVICE

I, **LOUIE J. YANZA**, hereby certify that on the 30th day of May, 2006, I caused a copy of the annexed **MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE** to be served upon the parties hereto, by either delivering, faxing and/or mailing a copy of same to their attorney of record, as follows:

**Gerald E. Gray, Esq.**
213 E Buena Vista Avenue, Suite 202
Dededo, Guam 96929-5321
**Counsel for Plaintiff Elizabeth Tolosa-Taha**

Dated this 30th day of May, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**MILAROSE NILOOBAN**

By: _____
LOUIE J. YANZA

```
1  EDNA V. WENNING, ESQ. (SBN 130377)
   Law Offices of Edna V. Wenning
2  Monrovia, California 91016
3  Telephone: (626) 359-3219
   Facsimile: (626) 359 4279
4
   Attorney for Plaintiff
5  ELIZABETH TOLOSA-TAHA
6
7               UNITED STATES DISTRICT COURT
8                    DISTRICT OF GUAM
9
10 ELIZABETH TOLOSA-TAHA,      )  CIVIL CASE NO. 06-00002
                               )
11         Plaintiff,          )  DISCLOSURES REQUIRED BY FRCP
                               )  RULE 26(a)(1)(A), (B), (D) AND RULES
12      vs.                    )  26(a)(2); CERTIFICATE OF SERVICE
                               )
13 MILAROSE    NILOOBAN,   NILO)
14 NILOOBAN, et. al.,          )
                               )
15                             )
           Defendants.         )
16                             )
17                             )
                               )
18 _____ )
19
20
21     COMES NOW, Elizabeth Tolosa-Taha, ("TAHA") through counsel EDNA V. WENNING
22 and GERALD E. GRAY, and makes the following disclosures:
23
              RULE 26 (a)(1)(A) DISCLOSURE
24
25     Elizabeth Tolosa-Taha - 940 Toulouse Way, Martinez, California 94553
26             (925) 285-5222; Plaintiff and administrator of the estate of
27 Edgar G.M. Tolosa
28
```

## RULE 26 (b)(1)(A) DISCLOSURE

Warranty Deed dated April 13, 1973 attached to the Complaint as Exhibit A;

Payoff Letter from the Bank of Hawaii dated June 13, 2002 attached as Exhibit B to the Complaint;

Mortgage Note dated April 13, 1973 attached as Exhibit B to the Complaint;

Certificate of Death of Edgar M. Tolosa dated November 1, 1999 attached as Exhibit C to the Complaint

Amended Certificate of Live Birth of Elizabeth Tolosa-Iaha attached as Exhibit D to the Complaint;

Certification from the City Civil Registry Office of the Republic of the Philippines, Quezon City, Metro Manila dated January 27, 2000 attached as Exhibit D to the Complaint;

Certification from the City Civil Registry Office of the Republic of the Philippines, Quezon City, Metro Manila dated January 27, 2000 re adoption of Elizabeth Tolosa attached as Exhibit D to the Complaint;

## RULE 26 (c)(1)(D) DISCLOSURE

Unpaid Rent from May 2, 2002 through May 9, 2006 at $279.19 per month x 46 months = $12,658.74 plus allowable legal interest. Damages may be continuing if the Niloobans continue to occupy the premises. Additional amount for clean-up and repairs not included.

## RULE 26 (d)(1)(D) DISCLOSURE

There is no insurance involved at this time

## RULE 26 (e)(1)(D) DISCLOSURE

No experts are designated at this time.

| | |
|---|---|
| | Respectfully submitted |
| 5/15/06 | *Edna V. Wenning* (signature) |
| Dated | EDNA V. WENNING<br>Attorney for Plaintiff<br>Elizabeth Tolosa-Taha |
| | |
| Dated | GERALD E. GRAY<br>Designated Local Counsel<br>Attorney for Plaintiff<br>Elizabeth Tolosa-Taha |

RULE 26 DISCLOSURES

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2006 I have served a copy of the following document:

1. Disclosures Required by FRCP Rule 26(a)(1)(A), (B), (D) and Rules 26(a)(2), Certificate of Service addressed to counsel of record, by either delivering, faxing and/or mailing a copy of same to the following:

>Louie J. Yanza
>Maher.Yanza.Flynn.Timblin, LLP
>Governor Joseph Flores Building
>Hagatna, Guam 96910

This 18th day of May, 2006

_Edna V. Wenning_
Edna V Wenning
California State Bar No. 130377
Attorney for Plaintiff

289 Norumbega Drive
Monrovia, California 91016
(626) 359-3219