EDNA V. WENNING, ESQ. (SBN 130377)
Law Offices of Edna V. Wenning
Monrovia, California 91016
Telephone: (626) 359-3219
Facsimile: (626) 359-4279

Attorney for Plaintiff
ELIZABETH TOLOSA-TAHA

FILED
DISTRICT COURT OF GUAM
JUN 13 2006
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

ELIZABETH TOLOSA-TAHA,

    Plaintiff,

vs.

MILAROSE NILOOBAN, NILO NILOOBAN, et. al.,

    Defendants.

CIVIL CASE NO. 06-00002

PLAINTIFF ELIZABETH TOLOSA-TAHA'S OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE

[ORAL ARGUMENT REQUESTED]

COMES NOW, ELIZABETH TOLOSA-TAHA ("TAHA") through counsel EDNA V. WENNING and GERALD E. GRAY, and presents her opposition to defendants' motion to dismiss.

This opposition is based on *28 U.S.C. Section 1332*, the Supplemental Disclosure previously filed and served on defendant, the recent decision of the Supreme Court of the United States in the case entitled *Vickie Lynn Marshall, Petitioner v. E. Pierce Marshall*, No. 04-1544, 126 S. Ct. 1735; 164 L. Ed. 2d 480; 2006 U.S. Lexis 3456; 74 U.S.L.W. 4224, the

Memorandum of Points and Authorities, Plaintiff's Motion to Amend the Pleadings, the record of the proceedings and documents on file with the Court, and any other oral and documentary evidence as may be presented at the time of the hearing.

Respectfully submitted

Dated June 1, 2006

*[signature]*
EDNA V. WENNING
Attorney for Plaintiff
Elizabeth Tolosa-Taha

Dated June 13, 2006

*[signature]*
GERALD E. GRAY
Designated Local Counsel
Attorney for Plaintiff
Elizabeth Tolosa-Taha

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants Milarose Nilooban and Nilo Nilooban, (hereinafter "Niloobans") residents of Guam, had been residing in the real property known as 247 J.L. Blaz, Dededo, Guam 86912, owned in fee simple by decedent Edgar G. M. Tolosa for an undetermined number of years exercising acts of ownership including but not limited to retaining possession of the premises, paying property taxes and having unfettered enjoyment of said premises without payment since May 9, 2002. Edgar Tolosa, owner in fee simple died intestate on November 9, 1999 in San Francisco. Based on information and belief, the Niloobans entered into an agreement with decedent to pay monthly rental of $247.00 directly to the Bank of Hawaii inasmuch as decedent was living in the Philippines and San Francisco. When the Bank of Hawaii declared on May 9, 2002 that the mortgage note encumbering the property had been paid in full, the Niloobans opted to stop payment of rent as well and continued to control, possess, enjoy and occupy the subject property for free from May 9, 2002. They had an unfettered right to enjoy ownership, possession, custody and control of the property.

From the time of decedent's demise in 1999 until the present, no increase in rent was made on the monthly rental ignoring the ascending real estate market in the United States, and specifically in Guam, in fact, the Niloobans opted on their own to live rent-free on the premises exercising rights of ownership since May 9, 2002.

Plaintiff Elizabeth Tolosa-Taha (hereinafter "Taha") is the adopted daughter and sole representative and heir of decedent Edgar Tolosa. In a wrongful death action entitled *Elizabeth Taha, individually and as representative of the Estate of Edgar Tolosa versus City of Oakland, County of Alameda, et. al., Case No. 832816-8*, plaintiff was identified as the sole surviving daughter of decedent, and decedent's sole heir and representative of his estate. Said wrongful death case was settled and eventually dismissed on January 30, 2002.

The Niloobans move to dismiss the first amended complaint based on diversity jurisdiction arguing that plaintiff fails to meet the "amount in controversy" of over $75,000.00. Defendants solely rely on plaintiff's Initial Disclosures and totally disregard the value of the subject property. A printout of comparable property values range from a low of $79,900 to $103,000.00 and up is attached as Exhibit

A and which was attached to Plaintiff's Supplemental Disclosures previously filed and served on defendants. Plaintiff also seeks unpaid rents from May 9, 2002 to the present.

## ARGUMENT

A. DEFENDANTS TOTALLY IGNORE THE VALUE OF THE SUBJECT PROPERTY WHICH RANGES FROM $79,900 TO $103,000, EXCLUDING UNPAID RENTS AT AN UNADJUSTED RATE OF $247.00 PER MONTH, WHICH CONSERVATIVELY AMOUNT TO OVER $12,000.00, EXCLUDING COSTS, AND IS MORE THAN SUFFICIENT TO MEET THE MINIMUM AMOUNT IN CONTROVERY FOR DIVERSITY JURISDICTION.

Attached and incorporated herein as Exhibit A is a printout of comparable property values in Guam reflecting values ranging from $79,900 to $103,000, well over the jurisdictional requirement of this Court.

Since defendants Nilooban had possession of the subject property, plaintiff did not produce these printouts earlier in anticipation of obtaining an appraisal once plaintiff is in a position to enter, inspect and have an appraisal evaluate the property that had been in the Niloobans exclusive possession and dominion from May 9, 2002. For all intents and purposes, the Niloobans acted as the owners in fee simple of said property.

The Court should note that while defendants are now contending that they never intended to claim ownership of the property, they also had no qualms about living in the property, enjoying the fruits of ownership, without rent, and without encumbrance, from May 9, 2002, refusing to even entertain the idea of relinquishing possession or ownership interest until plaintiff filed this instant complaint to quiet title. To this date, the Niloobans have not tendered any payment or compensation for their exercise of dominion and ownership interest from May 9, 2002. Actions speak louder than words. It is undisputed that defendant Niloobans took possession, control, custody, and full unencumbered enjoyment of ownership of the property from May 9, 2002 and plaintiff had to seek redress in Court to quiet title to said property.

B. THE SUPREME COURT OF THE UNITED STATES HAS RECENTLY RULED ON May 1, 2006 THAT THE JURISDICTION OF FEDERAL COURTS, "HAVING EXISTED FROM THE BEGINNING OF THE FEDERAL GOVERNMENT, [CAN] NOT BE IMPAIRED BY SUBSEQUENT STATE LEGISLATION CREATING COURTS OF PROBATE." *Vickie Lynn Marshall, Petitioner v. E. Pierce Marshall*, No. 04-1544, Supreme Court of the United States, 126 S. Ct. 1735; 164 L.Ed. 2d 480; 2006 U. S. Lexis 3456; 74 U.S.L.W. 4224, citing *McClellan v. Carland*, 217 U.S. 268, 281, 30 S.Ct. 501, 54 L.Ed 762 (1910) (upholding federal jurisdiction over action by heirs of decedent, who died intestate, to determine their rights in the estate (citing *Waterman*, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80).

Vickie Lynn Marshall, also known as Anna Nicole Smith was married to millionaire J. Howard Marshall for 18 months. J. Howard Marshall died without providing for Anna in his will, but intended to provide for her in the form of a "catch-all" trust. J. Howard's son was the ultimate beneficiary of J. Howard's estate plan. While the estate was subject to ongoing Texas Probate Court proceedings, Anna filed for bankruptcy in California listing as one of her assets, her claim to J. Howard's estate. The son, E. Pierce Marshall, filed proof of claim alleging defamation when Anna told the press that he had engaged in forgery, fraud and overreaching. Anna counterclaimed alleging tortious interference. The Bankruptcy Court held that federal court has jurisdiction to adjudicate rights in a probate property. The District Court undertook de novo review of the Bankruptcy Court's ruling and determined that Pierce had tortiously interfered with Ana's expectancy, awarding $44.3 million in compensatory damages and an equal amount in punitive damages. The Ninth Circuit reversed holding that probate exception barred federal jurisdiction in this case and that since the Probate Court had ruled it had exclusive jurisdiction over all of Anna's claims, the Ninth Circuit held that ruling binding on the Federal District Court. The United States Supreme Court disagreed and ruled that the Ninth Circuit had no warrant from Congress, or from this Court's decisions, for its sweeping extension of the probate exception recognized in those decisions.

A history of this misleading probate exception was traced:

"...The *Ankenbrandt* Court was "content" "to rest [its] conclusion that a domestic relations exception exists as a matter of statutory construction not on the accuracy of

[*Barber's*] historical justifications, but, "rather," on "Congress' apparent acceptance of this construction of the diversity jurisdiction provisions in the years prior to 1948," *504 U.S., at 700, 112 S. Ct. 2206, 119 L. Ed. 2d 468*. *Ankenbrandt* further determined that Congress did not intend to terminate the exception in 1948 when it "replaced the law/equity distinction with the phrase 'all civil actions.'" *Id., at 700, 112 S. Ct. 2206, 119 L. Ed. 2d 468*. [***8] The *Ankenbrandt* Court nevertheless emphasized that the exception covers only "a narrow range of domestic relations issues." *Id., at 701, 112 S. Ct. 2206, 119 L. Ed. 2d 468*. Noting that some lower federal courts had applied the exception "well beyond the circumscribed situations posed by *Barber* and its progeny," *ibid.*, the Court clarified that only "divorce, alimony, and child custody decrees" remain outside federal jurisdictional bounds, *id., at 703, 704, 112 S. Ct. 2206, 119 L. Ed. 2d 468*. While recognizing state tribunals' "special proficiency" in handling issues arising in the granting of such decrees, *id., at 704, 112 S. Ct. 2206, 119 L. Ed. 2d 468*, **the Court viewed federal courts as equally equipped to deal with complaints alleging torts**, *ibid.* Pp. 8-11. (Emphasis added.)

The U.S. Supreme Court recognized that federal courts have jurisdiction to adjudicate a tort by one who by fraud, duress or other tortious means intentionally prevents another from receiving from a third person an inheritance or gift that she would otherwise have received is subject to liability to the other for loss of the inheritance or gift. The Supreme Court in upholding federal jurisdiction, pronounced:

> "... Vickie seeks an *in personam* judgment against Pierce, not the probate or annulment of a [***36] will. Cf. *Sutton, 246 U.S., at 208, 38 S. Ct. 254, 62 L. Ed. 664* (suit to annul a will found "supplemental to the proceedings for probate of the will" and therefore not cognizable in federal court). Nor does she seek to reach a *res* in the custody of a state court. See *Markham, 326 U.S., at 494, 66 S. Ct. 296, 90 L. Ed. 256*.

Furthermore, no "sound policy considerations" militate in favor of extending the probate exception to cover the case at hand. Cf. *Ankenbrandt, 504 U.S., at 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468*. Trial courts, both federal [*1749] and state, often address conduct of the kind Vickie alleges. State probate courts possess no "special proficiency . . . in handling [such] issues." Cf. *id., at 704, 112 S. Ct. 2206, 119 L. Ed. 2d 468*.

At issue here is not the Probate Court's jurisdiction, but the federal court's jurisdiction to entertain the Niloobans unlawful claim to full ownership of the property as evidenced by actual possession, custody, and full and unfettered enjoyment of the rights of ownership of a property that does not belong to them and constituting a cloud on the title.

The Supreme Court of the United States, unanimously recognized the supremacy of federal court's jurisdiction in adjudicating suits in favor of creditors, legatees, heirs and other claims against a decedent's estate to establish such claims. The Supreme Court observed at Page 326:

> . . But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."

> " . . . . Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from disposing of property that is in the custody of a state probate court. **But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.**" Pp. 11-15. (Emphasis added.)

Plaintiff's claim does not involve the administration of an estate, the probate of a will, or any other probate matter. She seeks to quiet title on the property that has been in the possession, custody, control, enjoyment and unfettered rights of the Niloobans. She seeks to remove cloud on the title of this property as a sole representative and heir of the decedent, not the probate or annulment of a will.

C. JURISDICTION IS NOT DETERMINED BY AN AFFIRMATION AFTER THE FACT, THAT DEFENDANTS, AFTER HAVING OCCUPIED, LIVED IN, EXERCISED, INHABITED AND ENJOYED AN UNFETTERED RIGHT TO OWNERSHIP, POSSESSION, CUSTODY AND CONTROL OF THE SUBJECT PROPERTY AND AFTER HAVING CONTINUOUSLY FAILED TO TENDER ANY PAYMENT FOR UNPAID RENTS FROM MAY 9, 2002, NOW CLAIM THAT THEY HAD NO INTENTION OF ENJOYING AND OCCUPYING THE PROPERTY AS OWNERS.

Taking full advantage of the death of Edgar G. M. Tolosa, and failing to pay for any rental of the subject property from May 9, 2002 onward, defendant Niloobans would have continued to maintain, enjoy, claim, inhabit and exercise every right of ownership to the subject property had plaintiff not filed the instant action. Judge Ginsburg noted at Page 489:

> "In *Cohens* v. *Virginia*, Chief Justice Marshall famously cautioned: "It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that **it must take jurisdiction, if it should .... We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."** *19 U.S. 264, 6 Wheat. 264, 404, 5 L. Ed. 257 (1821)*. [***14] Among [**490] longstanding limitations on federal jurisdiction otherwise properly exercised are the so-called "domestic relations" and "probate" exceptions. Neither is compelled by the text of the Constitution or federal statute. Both are judicially created doctrines stemming in large measure from misty understandings of English legal history. See, e.g., Atwood, Domestic Relations Cases in Federal Court: Toward a Principled Exercise of Jurisdiction, *35 Hastings L. J. 571, 584-588 (1984)*; *Spindel v. Spindel, 283 F. Supp. 797, 802 (EDNY 1968)* (collecting cases and commentary revealing vulnerability of historical explanation for domestic relations exception); Winkler, The

Probate Jurisdiction of the Federal Courts, 14 Probate L. J. 77, 125-126, and n. 256 (1997) (describing historical explanation for probate exception as "an exercise in mythography"). In the years following Marshall's 1821 pronouncement, courts have sometimes lost sight of his admonition and have rendered decisions expansively interpreting the two exceptions. In *Ankenbrandt v. Richards, 504 U.S. 689, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992)*, this Court reined in the "domestic relations exception." Earlier, [***15] in *Markham v. Allen, 326 U.S. 490, 66 S. Ct. 296, 90 L. Ed. 256 (1946)*, the Court endeavored similarly to curtail the "probate exception."

Granting defendant's motion to dismiss is unsupported by the recent holding of the United States Supreme Court in the *Vickie Lynn Marshall* case. The Niloobans outright unfettered occupation, usurpation, enjoyment and acting as owners of the subject property would be rewarded by longer periods of free occupation, enjoyment, and unceasing unfettered rights of ownership creating a cloud on the title that should be addressed by this Court. The U.S. Supreme Court looks at District Courts as equally equipped to handle claims as plaintiff's for the foregoing reasons given. Almost four years of unfettered occupation and enjoyment of the property by the Niloobans is enough. Plaintiff should not be forced to go to state court to seek justice when diversity jurisdiction and the amount in controversy limits are more than met. To rule otherwise would be tantamount to a travesty of justice.

D. **FEDERAL DIVERSITY JURISDICTION IS PRESENT AND THE MINIMUM AMOUNT IN CONTROVERSY IS MORE THAN MET.**

As of the date of this writing, plaintiff and counsel have yet to arrange for an appraisal of the subject property. However, an internet print-out of the property values in the same neighborhood reflecting value between $79,900 and $103,000.00 is provided as Exhibit A herein since plaintiff has been unable to determine if an appraiser can enter the premises. In a complaint to quiet title, common sense dictates that the market value of the subject property should be considered when computing the amount in controversy. Damages exceed the jurisdictional limit of $75,000.00.

In the case of *Meridian Security Insurance Co. v. David M. Sadowski, et. al.*, No. 05-2855, 441 F.3d 536; 2006 U.S. App. LEXIS 7088 (March 22, 2006), the United States Court of Appeals for the Seventh Circuit noted at Page 341:

> Jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable "fact." The Court made that clear two years after *McNutt*, holding in *St. Paul Mercury* that "the sum claimed by [the proponent of federal jurisdiction] controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *303 U.S. at 288-89* (footnotes omitted). Although the proponent of jurisdiction [**13] may be called on to prove facts that determine the amount in controversy--such as the economic effect that compliance with the law would have had on GMAC--once these facts have been established the proponent's estimate of the claim's value must be accepted unless there is "legal certainty" that the controversy's value is below the threshold. See *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006); *Pratt Central Park Limited Partnership v. Dames & Moore, Inc.*, 60 F.3d 350 (7th Cir. 1995); *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir. 1997).

The Court further states:

> To recap: a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether the damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. (citations). Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost [
> ] of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed. None of Meridian's jurisdictional allegations was contested, so the standard of proof is irrelevant. And, when Meridian

10
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Case 1:06-cv-00002   Document 15   Filed 06/13/2006   Page 10 of 20

filed this suit, a court could be not be sure that the plaintiffs in state court were bound to recover less than $75,000 from the Rose Depot. So this case is properly in federal court under the diversity jurisdiction."

In a claim to quiet title to a subject property, the market value of both the land and improvements are necessarily included in the computation of the amount in controversy. The land and improvements are valued between $79,000 and $103,000 and a conservative estimate of unpaid rents from May 9, 2002 is more than $12,000 (having made no allowance for increase in rental in an ascending market). This is plain common sense. Plaintiff will provide an appraisal once entry to the property is ascertained. Damages exceed $75,000.00.

## CONCLUSION

It is now unequivocal that federal courts must exercise jurisdiction where it is given. The United States Supreme Court has rejected the view that federal courts should defer to any litigation of a case that may be subject to a state or probate proceeding and instead view federal courts as equally equipped to deal with complaints alleging torts. Defendants should not be allowed to argue after the fact that they had no intention of enjoying an unfettered enjoyment of ownership of the property in question after enjoying ownership for almost four years and would have continued to do so had plaintiff not filed the instant action. This Court is also a court of equity. To hold otherwise would be a travesty of justice.

For the foregoing reasons, the motion to dismiss should be denied.

Respectfully submitted

June 1, 2006
Dated

EDNA V. WENNING
Attorney for Plaintiff
Elizabeth Tolosa-Taha

11
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Case 1:06-cv-00002  Document 15  Filed 06/13/2006  Page 11 of 20

6/13/06
Dated

GERALD E, GRAY
Designated Local Counsel
Attorney for Plaintiff
Elizabeth Tolosa-Taha

# EXHIBIT A

| | | |
|---|---|---|
| NO PHOTO | [118 Chotda Ct](#)<br>Dededo, GU 96929 | $125,000<br>3 Bed, 1 Bath<br>1,200 Sq. Ft.<br>100% |

Single Family Property... **View details.**



[340 Chandiha (Ayuyu) Street](#)
Dededo, GU 96929

$128,000
3 Bed, 1 Bath
1,046 Sq. Ft.

100%

Single Family Property, Year Built: 1980, Carport... **View details.**



[142 Koko Lane](#)
Dededo, GU 96929

$129,000
3 Bed, 2 Bath
1,100 Sq. Ft.

100%

Single Family Property, Year Built: 1980, Carport... **View details.**



[174C East Cueto Court](#)
Dededo, GU 96929

$134,700
4 Bed, 2 Bath
1,547 Sq. Ft.

100%

Single Family Property, Year Built: 1994... **View details.**

[141 Adahlia](#)
Dededo, GU 96929

$135,000
3 Bed, 2 Bath
1,250 Sq. Ft.

100%

Single Family Property, Subdivision: Santa Ana Subdivision... **View details.**

Go to page [ ] [Go]  < Previous | Page 2 of 6 | Next >

Search in popular metros:
Atlanta | Austin | Boston | Chicago | Dallas | Denver | Houston | Las Vegas | Long Island | Los Angeles | Memphis | Miami | New York City | Orange County | Palm Beach | Phoenix | Sacramento | San Diego | Seatt

Site Map | Corporate News & Info | Contact Us | Advertise With Us | Join our staff
Terms of Use and Privacy Policy.

© 1995-2005 NATIONAL ASSOCIATION OF REALTORS® and Homestore, Inc. All rights reserved. Equal Housing Opport
REALTOR.com® is the official site of the National Association of REALTORS® and is operated by Homestore, Inc

REALTOR® - A Registered collective membership mark that identifies a real estate professional who is a member of the National Associatio subscribes to its strict Code of Ethics. Inquiries regarding the Code of Ethics should be directed to the board in which a REALTOR® bu

http://www.realtor.com/FindHome/HomeListings.asp?mlsttl=Guam&frm=bycomm&pgn... 10/29/2005






Sign Up to:
► Save Searches
► Save Listings
  Sign Up Now!
Already a member?
  Sign in
Save this Search

Get Ready to Move
Learn about Liberty
Mutual Home Insurance.
Prequalify for your Bank of
America mortgage today.
Download Wells Fargo's
Homeownership Guides

SPONSORED LINKS

Search the Web

Select a Top Search:
Home Improvement
Contractors
Problem Credit
Debt Consolidation
Homeowners Insurance

**57** of **210** properties in the area match your criteria

< Previous | Page 3 of 6 | Next >

| Number of Photos | Virtual Tours | Price |  | Percent Match |



**147 North Melendes Court**
Dededo, GU 96929

$135,000
4 Bed, 2 Bath
1,100 Sq. Ft.

100%

Single Family Property, Subdivision: Liguan Terrace... **View details.**

NO PHOTO

**280 Ysengsong Road**
Dededo, GU 96929

$136,000
3 Bed, 2 Bath
1,400 Sq. Ft.

100%

Single Family Property, Subdivision: Kaiser Dededo Subdivision-Dededo... **View details.**



**201 Chalan San Juan**
Dededo, GU 96929

$137,500
3 Bed, 2 Bath
1,064 Sq. Ft.

100%

Single Family Property, Subdivision: Santa Ana Subdivision, Year Built: 1988, Carport... **View details.**



**381 Chalan Pugua**
Dededo, GU 96929

$140,000
3 Bed, 2 Bath
1,100 Sq. Ft.

100%

Single Family Property, Carport... **View details.**

**222 Chalan Otot Street**
Dededo, GU 96929

$140,000
3 Bed, 2.5 Bath
1,300 Sq. Ft.

100%

Single Family Property... **View details.**

http://www.realtor.com/FindHome/HomeListings.asp?mlsttl=Guam&frm=bycomm&pgn... 10/29/2005

| | 158 LSN Tenorio Lane<br>Dededo, GU 96929 | $142,000<br>3 Bed, 1 Bath<br>1,200 Sq. Ft.<br>100% |
|---|---|---|

NO PHOTO

Single Family Property, Subdivision: Kaiser Dededo Subdivision-Dededo, Year Built: 1973...
View details.



315 Salisbury Street
Dededo, GU 96929

$145,000
3 Bed, 2 Bath
1,100 Sq. Ft.

100%

Single Family Property... View details.



180 Kayen Tramuho
Dededo, GU 96929

$145,000
3 Bed, 2 Bath
1,166 Sq. Ft.

100%

Single Family Property, Year Built: 1998, Carport... View details.

NO PHOTO

146 Mepa Street
Dededo, GU 96929

$149,000
3 Bed, 2 Bath
1,200 Sq. Ft.

100%

Single Family Property, Year Built: 1995... View details.

465 Chalan Ibang
Dededo, GU 96929

$150,000
5 Bed, 2.5 Bath
1,500 Sq. Ft.

100%

Single Family Property... View details.

Go to page [  ] [Go]   < Previous | Page 3 of 6 | Next >

Search in popular metros:
Atlanta | Austin | Boston | Chicago | Dallas | Denver | Houston | Las Vegas | Long Island | Los Angeles | Memphis | Miami | New York City | Orange County | Palm Beach | Phoenix | Sacramento | San Diego | Seatt

Site Map | Corporate News & Info | Contact Us | Advertise With Us | Join our staff
Terms of Use and Privacy Policy.

© 1995-2006 NATIONAL ASSOCIATION OF REALTORS® and Homestore, Inc. All rights reserved. Equal Housing Opportun
REALTOR.com® is the official site of the National Association of REALTORS® and is operated by Homestore, Inc.

REALTOR® -- A Registered collective membership mark that identifies a real estate professional who is a member of the National Associatio subscribes to its strict Code of Ethics. Inquiries regarding the Code of Ethics should be directed to the board in which a REALTOR® ho

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2006 I have served a copy of the following document:

1. Plaintiff Elizabeth Tolosa-Taha's Opposition to Motion to Dismiss; Memorandum of Points and Authorities; Certificate of Service addressed to counsel of record, by either delivering, faxing and/or mailing a copy of same to the following:

>  Louie J. Yanza
>  Maher.Yanza.Flynn.Timblin, LLP
>  Governor Joseph Flores Building
>  Hagatna, Guam 96910
>  Fax No. (671) 472-5487

This 1st day of June, 2006

Edna V. Wenning
California State Bar No. 13037
Attorney for Plaintiff

289 Norumbega Drive
Monrovia, California 91016
(626) 359-3219






Sign Up to:
- Save Searches
- Save Listings

Sign Up Now!
Already a member?
Sign In
Save this Search

Get Ready to Move
Learn about Liberty Mutual Home Insurance.
Prequalify for your Bank of America mortgage today.
Download Wells Fargo's Homeownership Guides

SPONSORED LINKS

Search the Web



Select a Top Search:
Home Improvement
Contractors
Problem Credit
Debt Consolidation
Homeowners Insurance

57 of 210 properties in the area match your criteria

Page 1 of 6 | Next >

| Number of Photos | Virtual Tours | Price | Percent Match |



NO PHOTO

**Lot 23, Blk. 23, Tr. 240**
Dededo, GU 96929

$79,900
2 Bed, 1 Bath
700 Sq. Ft.

100%

Single Family Property... **View details.**



**Chalan A' Abang**
Dededo, GU 96929

$87,600
3 Bed, 2 Bath
952 Sq. Ft.

100%

Single Family Property... **View details.**



**138 W Liguan Avenue**
Dededo, GU 96929

$97,900
2 Bed, 1 Bath
922 Sq. Ft.

100%

Single Family Property... **View details.**



NO PHOTO

**105 Kamuti Loop**
Dededo, GU 96929

$99,000
3 Bed, 2 Bath
894 Sq. Ft.

100%

Single Family Property, Year Built 1981... **View details.**



**332 Chalan Lamasu**
Dededo, GU 96929

$103,900
3 Bed, 2 Bath
1,100 Sq. Ft.

100%

Single Family Property... **View details.**

**A'abang Street** $108,000



Dededo, GU 96929 — 3 Bed, 2 Bath, 1,064 Sq. Ft. — 100%
Single Family Property... **View details.**

**154 Chalan Panao St.**, Dededo, GU 96929 — $109,000 — 2 Bed, 1 Bath, 829 Sq. Ft. — 100%
Single Family Property... **View details.**

**122 Sigidiyas**, Dededo, GU 96929 — $109,000 — 3 Bed, 2 Bath, 1,050 Sq. Ft. — 100%
NO PHOTO
Single Family Property, Carport... **View details.**

**206 Gardenia Street, Machananao Su**, Dededo, GU 96929 — $110,000 — 3 Bed, 2 Bath, 1,200 Sq. Ft. — 100%
NO PHOTO
Single Family Property... **View details.**

**Chalan A' Abang**, Dededo, GU 96929 — $114,000 — 3 Bed, 2 Bath, 1,313 Sq. Ft. — 100%
Single Family Property, Subdivision: Astumbo Gardens... **View details.**

Page 1 of 6 | Next >
Go to page [  ] Go

Search in popular metros:
Atlanta | Austin | Boston | Chicago | Dallas | Denver | Houston | Las Vegas | Long Island | Los Angeles | Memphis | Miami | New York City | Orange County | Palm Beach | Phoenix | Sacramento | San Diego | Seatt
Site Map | Corporate News & Info | Contact Us | Advertise With Us | Join our staff
Terms of Use and Privacy Policy.
© 1995-2005 NATIONAL ASSOCIATION OF REALTORS® and Homestore, Inc. All rights reserved. Equal Housing Opport
REALTOR.com® is the official site of the National Association of REALTORS® and is operated by Homestore, Inc
REALTOR® — A Registered collective membership mark that identifies a real estate professional who is a member of the National Associatio subscribes to its strict Code of Ethics. Inquiries regarding the Code of Ethics should be directed to the board in which a REALTOR® ho





Sign Up to:
- Save Searches
- Save Listings

Sign Up Now!
Already a member?
Sign In
Save this Search

Get Ready to Move
Learn about Liberty Mutual Home Insurance.
Prequalify for your Bank of America mortgage today.
Download Wells Fargo's Homeownership Guides

SPONSORED LINKS

Search the Web


Select a Top Search:
Home Improvement
Contractors
Problem Credit
Debt Consolidation
Homeowners Insurance

**57 of 210 properties in the area match your criteria**

< Previous | Page 2 of 6 | Next >

Number of Photos | Virtual Tours | Price | Percent Match



**Chalan Ahgao**
Dededo, GU 96929

$120,000
3 Bed, 2 Bath
1,050 Sq. Ft.

100%

Single Family Property, Year Built: 1997... **View details.**

NO PHOTO

**181A Kayen Tramuhu**
Dededo, GU 96929

$124,000
3 Bed, 1 Bath
1,000 Sq. Ft.

100%

Single Family Property, Carport... **View details.**



**109 Rose St.**
Dededo, GU 96929

$125,000
3 Bed, 2 Bath
1,100 Sq. Ft.

100%

Single Family Property, Carport... **View details.**



**169 Marigold Loop**
Dededo, GU 96929

$125,000
3 Bed, 2 Bath
1,027 Sq. Ft.

100%

Single Family Property, Subdivision: Machanao Phl, Year Built: 1987, Carport... **View details.**



**212 Marigold Loop**
Dededo, GU 96929

$125,000
3 Bed, 2 Bath
1,200 Sq. Ft.

100%

Single Family Property, Year Built: 1980, Carport, Laundry room... **View details.**

...realtor.com/FindHome/HomeListings.asp?mlsttl=Guam&frm=bycomm&pgn... 10/29/2005