Louie J. Yanza
**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
**MILAROSE NILOOBAN**

**FILED**
DISTRICT COURT OF GUAM
JUN 19 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| ELIZABETH TOLOSA-TAHA,<br><br>        Plaintiff,<br><br>vs.<br><br>MILAROSE NILOOBAN, NILO NILOOBAN, THE TESTATE AND INTESTATE SUCCESSORS OF EDGAR G.M. TOLOSA, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH EDGAR G.M. TOLOSA; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; AND DOES 1 to 50, INCLUSIVE,<br><br>        Defendants. | CIVIL CASE NO. 06-00002<br><br>DEFENDANT MILAROSE NILOOBAN'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS; CERTIFICATE OF SERVICE |

## INTRODUCTION

The problem with the Plaintiff's Opposition is that her arguments have no supporting authorities. Not even the U.S. Supreme Court case of <u>Marshall v. Marshall</u>, 126 S.Ct. 1735 (2006), is helpful to the Plaintiff.

1

ORIGINAL

In her attempt to avoid dismissal, the Plaintiff provides comparable property values to its Opposition to raise the "amount in controversy" to at least $75,000.00. In addition, the Plaintiff then cites the Marshall case as supporting authority for her proposition that federal courts have jurisdiction over this matter to adjudge her as heir so that she will have quiet title. As will be shown below, the amount in controversy between the Plaintiff and Defendant MILAROSE NILOOBAN ("NILOOBAN") does not even reach $75,000.00, and if the Plaintiff is still seeking to have quiet title of the real property at issue in her name, then that is the subject matter left solely within the jurisdiction of Guam's probate courts.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE FEDERAL COURTS HAVE NO JURISDICTION TO ADMINISTER AN ESTATE.

The "probate exception" to proper federal jurisdiction reserves to state probate courts, the administration of a decedent's estate. The probate exception precludes federal courts from disposing of property that is in the custody of state probate courts. Marshall v. Marshall, 126 S.Ct. 1735, 1748 (2006). Federal courts do not exercise jurisdiction in matters which would "interfere with probate proceedings." Markham v. Allen, 326 U.S. 490 (1946).

To support her unique argument that this Court can adjudge her as an heir and give her quiet title, the Plaintiff relies on Marshall. A closer examination of Marshall quickly disposes of the Plaintiff's contention. In Marshall, the Supreme Court addressed whether torts involved with a widow's gift expectancy was within the jurisdiction of the federal courts. After the widow filed for Chapter 11 bankruptcy, her

stepson filed a claim in the federal bankruptcy court alleging various torts. The widow answered and filed counterclaims against her stepson claiming that the stepson had tortiously interfered with gifts expected from her late husband. The district court adopted and supplemented the bankruptcy court's findings and determined the stepson had tortiously interfered with the widow's expectancy. The district court awarded widow compensatory and punitive damages. On appeal, the Ninth Circuit reversed, ruling the federal courts did not have jurisdiction over the subject matter since the widow's counterclaims involved probate matters. The Supreme Court reversed finding that the mother's counterclaims did not involve the administration of an estate, the probate of a will, or any other core probate matter. The Court held:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will <u>and the administration of a decedent's estate</u>; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But, it does not bar federal courts from adjudicating matters outside those confines and otherwise in federal jurisdiction.

Marshall, at 1748 (emphasis added).

The probate exception precludes jurisdiction over matters which "interfere with the probate proceedings" of property within the custody of state courts. Marshall, at 1748 (citing Markham, at 494).

In contrast here, the Plaintiff is requesting the District Court to administer the decedent's Estate by adjudging her as the sole heir to the decedent. The Plaintiff states:

> Plaintiff's claims does not involve the administration of an estate, the probate of a will, or any other probate matter. She seeks to quiet title on the property that has been in the possession, custody, control, enjoyment and unfettered rights

3

of the Niloobans. She seeks to remove cloud on the title of this property as a sole representative and heir of the decedent, not the probate or annulment of a will.

Opposition, at 8.

The Plaintiff is clouding the issues. In her Amended Complaint, the Plaintiff is praying this Court to give the property to her in fee simple. See, Prayer of Amended Complaint. By the Court giving her quiet title in fee simple, this Court would be required to adjudge her as the sole heir and disturb the possession of real property in the custody of the Guam probate courts. In essence, the Court would be exercising *in rem* jurisdiction over a *res* solely within the custody of Guam's probate courts. This is strictly prohibited by the probate exception.

In recognition the federal court may not have jurisdiction to entertain or address the administration of the Estate, the Plaintiff then attempts to amend her Amended Complaint to name her as the representative of the Estate to sue for quiet title. See, Plaintiff's Motion to Amend Pleadings. But even if the Plaintiff is permitted to amend her complaint to name her as the personal representative of the estate, there is no dispute between the Plaintiff and Defendants as to ownership, and the only controversy between the two is the amount in rent.

II. **THERE IS NO DISPUTE BETWEEN THE PLAINTIFF AND THE DEFENDANTS AND THE AMOUNT IN CONTROVERSY DOES NOT REACH $75,000.00.**

Nowhere have the Defendants ever disputed or opposed the Estate having title to the property. In fact, Defendant NILOOBAN acknowledged all along that the Estate owned the property. However, the Plaintiff is somehow under the impression the Defendants claimed title by residing on the property. This is farther from the truth.

4

Since the Defendants do not dispute ownership of the property in the name of the Estate, the only dispute that exists here is the amount of rent. The disputed rent is approximately $12,000.00. Even assuming the Plaintiff's calculations of rent are accurate this fails to meet the "amount in controversy" of $75,000.00.

## CONCLUSION

The probate exception precludes the federal court from exercising jurisdiction over matters involving the administration of an estate. Any decision that would adjudge the Plaintiff as an heir, and provide her with quiet title to the property, would interfere with the probate proceedings" of the Estate, solely within jurisdiction of Guam's probate courts.

Moreover, the amount in controversy between the Plaintiff and Defendants fails to satisfy the $75,000.00 requirement. The amount in controversy between the Plaintiff and Defendants is the amount of disputed rent, which only amounts to $12,000.00.

Therefore, the Court should dismiss this matter as this Court lacks subject matter jurisdiction.

Respectfully submitted this 19th day of June, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
MILAROSE NILOOBAN

By: _____
LOUIE J. YANZA

5

## CERTIFICATE OF SERVICE

I, **LOUIE J. YANZA**, hereby certify that on the 19th day of June, 2006, I caused a copy of the annexed **DEFENDANT MILAROSE NILOOBAN'S REPLY IN SUPPORT OF HER MOTION TO DISMISS; CERTIFICATE OF SERVICE**, to be served upon the parties hereto, by either delivering, faxing and/or mailing a copy of same to their attorney of record, as follows:

**Gerald E. Gray, Esq.**
213 E Buena Vista Avenue, Suite 202
Dededo, Guam 96929-5321
**Counsel for Plaintiff Elizabeth Tolosa-Taha**

Dated this 19th day of June, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**MILAROSE NILOOBAN**

By: _____
**LOUIE J. YANZA**