```
Louie J. Yanza
MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
MILAROSE NILOOBAN
```



**FILED**
DISTRICT COURT OF GUAM

JUN 2 7 2006

MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| ELIZABETH TOLOSA-TAHA,<br><br>    Plaintiff,<br><br>vs.<br><br>MILAROSE NILOOBAN, NILO NILOOBAN, THE TESTATE AND INTESTATE SUCCESSORS OF EDGAR G.M. TOLOSA, DECEASED, AND ALL PERSONS CLAIMING BY, THROUGH OR UNDER SUCH EDGAR G.M. TOLOSA; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; AND DOES 1 to 50, INCLUSIVE,<br><br>    Defendants. | CIVIL CASE NO. 06-00002<br><br>OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE PLEADINGS TO NAME PARTY PLAINTIFF, ELIZABETH TOLOSA-TAHA IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF EDGAR TOLOSA-TAHA PURSUANT TO RULE 7.1(A); CERTIFICATE OF SERVICE |

## INTRODUCTION

What the Plaintiff has failed to realize is that amending her pleadings would be futile because she still would not have title under her name. No one disputes that title to the disputed real property is under the Estate's name. So, if the Plaintiff sues as the

personal representative of the Estate of Edgar G.M. Tolosa ("Estate"), that does nothing to assist her in having quiet title. Even though the Plaintiff may have filed suit on behalf of the Estate to sue the City of Oakland, there was no judicial adjudication the Plaintiff is the sole heir to the Estate to have standing to bring this suit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LEAVE TO AMEND SHOULD BE DENIED BECAUSE THE PROPOSED AMENDMENT IS FUTILE AND WOULD BE SUBJECT TO DISMISSAL.

The Plaintiff's theory that she has standing to sue for quiet title lacks any legal foundation and it is clear that the proposed amendment does not correct the defect. Therefore, the Court has discretion to deny the Motion to Amend. <u>Johnson v. Dist. 2 Marine Eng. Beneficial Association</u>, 857 F.2d 514 (9th Cir. 1988). In realizing the Plaintiff lacks standing to sue for quiet title (because no probate court has administered the Estate), she is now requesting the Court to permit herself to sue on behalf of the Estate. The proposed amendment would not cure the Plaintiff's deficiency in standing to sue for quiet title. Should the Estate prevail, title would belong to the Estate, not the Plaintiff. For the Plaintiff to sue for quiet title <u>in her name</u>, a court must adjudge her as an heir to the Estate. That has not happened here.

//

//

The Plaintiff is praying to the Court to adjudge her as the sole heir to the Estate. See, Proposed Second Amended Complaint for Quiet Title.[1] What the Plaintiff needs to do is open probate of the Estate so that a probate court can determine who is the lawful heir or heirs to the Estate. Since the decedent's property is situated in Guam, the Superior Court of Guam has exclusive jurisdiction for the probate of the Estate:

> **Probation Jurisdiction in Superior Court of Guam.** Wills must be proved, and letters testamentary, letters of administration with the will annexed, letters of administration or special letters of administration granted, and administration of estates of decedents had, in the Superior Court of Guam.

15 G.C.A. §1403.

Federal courts do not have jurisdiction to administer an estate. Although federal courts have jurisdiction to address suits in favor of creditors and heirs and other claims against a decedent's estate to establish their claims, this is permitted so long as the federal court does not "interfere with the probate proceedings" or assume general jurisdiction of the probate or control of the property in the custody of the state court. Markham v. Allen, 326 U.S. 404, 494 (1946). If the Plaintiff seeks to have her adjudged as the sole heir, she must open probate of the Estate in the local courts of Guam.

---

[1] Apparently the Plaintiff is not following the rules of civil procedure and is misleading the Court in what are the proposed amendments to the Second Amended Complaint. In her motion to amend her Amended Complaint, the Plaintiff states that she is only seeking to amend the pleadings to name her as the personal representative of the Estate. But the Plaintiff fails to advise the Court that there are other numerous changes to the Proposed Second Amended Complaint, which significantly differs from the Amended Complaint. The Plaintiff is requesting the Court to adjudge her as the sole heir to the property in question. See, Prayer of Proposed Second Amended Complaint, attached hereto as Exhibit "A". The Plaintiff includes a new named Defendant, Bienvenido Nilooban. Id., at ¶3. The Plaintiff alleges the Niloobans are acting as owners of the property. Id., at ¶4-5. The Plaintiff alleges other unknown heirs as Defendants. Id., at ¶6. The Plaintiff needs to disclose what are her proposed amendments. Her arguments in her present motion contradict her proposed Second Amended Complaint.

3

Thereafter, once Guam probate court adjudges the Plaintiff as an heir, then she can sue for quiet title. The Plaintiff has completely avoided this requisite procedure, opted to walk into federal court and sue everyone for quiet title.

Then, to support her position, the Plaintiff argues that since she sued on behalf of the Estate in California, she has been adjudged as the sole heir to the Estate. Nothing is further from the truth. Assuming the Plaintiff filed suit on behalf of the Estate in a wrongful death case, so what? California's Wrongful Death statute does not give the Plaintiff title to the Estate's property. The statute permits an heir to act as representative of the Estate to continue a lawsuit. California Code of Civil Procedure, 377.60(a). Nowhere in California's Wrongful Death statute (which, of course, does not apply in this case at all), does the statute provide that any heir who continues or files a lawsuit on behalf of the decedent is the sole and lawful heir of the Estate. Recovery in a wrongful death case does not constitute a court (or even a Guam probate court for that matter) adjudicating the Plaintiff as an heir.

II. **THERE IS NO DISPUTE BETWEEN THE PLAINTIFF AND THE DEFENDANTS AND THE AMOUNT IN CONTROVERSY DOES NOT REACH $75,000.00.**

Nowhere have the Defendants ever disputed or opposed the Estate having title to the property. In fact, Defendant NILOOBAN acknowledged all along that the Estate owned the property. However, the Plaintiff is somehow under the impression the Defendants claims title by residing on the property. This is far from the truth.

Nevertheless, since the Defendants do not dispute ownership of the property in the name of the Estate, the only dispute that exists here is the amount of rent. The disputed rent is approximately $12,000.00. See, Exhibit "A". Even assuming the Plaintiffs

4

calculations of rent is accurate, this fails to meet the "amount in controversy" of $75,000.00.

## CONCLUSION

Permitting the Plaintiff to amend her pleadings to name her as the personal representative of the Estate is not going to help the Plaintiff's suit for quiet title. If the Plaintiff wants to have quiet title under her name, probate must be opened or the administration of the decedent's Estate must be completed.

The Plaintiff has failed to open probate of the decedent's Estate. No court has adjudged the Plaintiff as an heir to the real property at issue. Further, should the Court permit the Plaintiff to amend her pleadings to name her as the personal representative of the Estate, title will belong to the Estate. The appearing Defendants has not disputed that the Estate has title to the property.

Lastly, even if the Plaintiff is permitted to be the personal representative of the Estate, the amount in controversy requirement does not satisfy the $75,000.00 requirement. If at all any controversy exists between the Plaintiff and the Defendants, it is only in the amount of approximately $12,000.00. Therefore, since the proposed amendment is futile, the Court should deny the Plaintiff's motion.

Respectfully submitted this 27th day of June, 2006.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
**MILAROSE NILOOBAN**

By: _____
LOUIE J. YANZA

5

## CERTIFICATE OF SERVICE

I, **LOUIE J. YANZA**, hereby certify that on the 27th day of June, 2006, I caused a copy of the annexed **OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE PLEADINGS TO NAME PARTY PLAINTIFF, ELIZABETH TOLOSA-TAHA IN HER CAPACITY AS REPRESENTATIVE OF THE ESTATE OF EDGAR TOLOSA-TAHA PURSUANT TO RULE 7.1(A); CERTIFICATE OF SERVICE,** to be served upon the parties hereto, by either delivering, faxing and/or mailing a copy of same to their attorney of record, as follows:

**Gerald E. Gray, Esq.**
213 E Buena Vista Avenue, Suite 202
Dededo, Guam 96929-5321
**Counsel for Plaintiff Elizabeth Tolosa-Taha**

Dated this 27th day of June, 2006.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**MILAROSE NILOOBAN**



By: _____
LOUIE J. YANZA