
FILED
DISTRICT COURT OF GUAM
JUN 29 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| ELIZABETH TOLOSA-TAHA,<br><br>Plaintiff,<br><br>vs.<br><br>MILAROSE NILOOBAN, NILO NILOOBAN, et. al.,<br><br>Defendants. | Civil Case No. CV06-00002<br><br>**ORDER RE: THE DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court on the Defendant's, Milarose Nilooban, Motion to Dismiss the complaint. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant case law and authority, the Court finds it is without jurisdiction. Accordingly, the Court hereby **GRANTS** the motion and hereby issues the following decision.

### FACTS

This case involves a dispute over ownership of real property located in Dededo, Guam. Edgar G.M. Tolosa, who passed away on November 1, 1999, and was the adoptive father of the

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file." Accordingly, the hearing scheduled for May 18, 2006 is vacated.

plaintiff. Plaintiff resides in Martinez, California, and the named defendants, Milarose Nilooban and Nilo Nilooban, both reside in Dededo and currently are the tenants of the subject property.[2]

Defendants Milarose and Bienvenido Nilooban, current tenants of the subject property, had been paying a monthly rental fee of approximately $247 directly to the Bank of Hawaii until May 9, 2002. Thereafter, the defendants have not made any further rental payments. Presently, the plaintiff claims the amount owing for past rent is approximately $12,000.

On January 17, 2006, the plaintiff filed the instant lawsuit against the defendants seeking to quiet title against the claims of named and unnamed defendants as to the subject property.[3] On May 30, 2006, the defendant, Milarose Nilooban (the "defendant"), filed a Motion to Dismiss the complaint. The defendant assert that the complaint should be dismissed on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Specifically, the defendant claims that this case involves probate issues to be determined solely by the Superior Court of Guam and in addition, the amount in controversy does not meet the diversity jurisdictional requirement sum of $75,000.

## DISCUSSION

The plaintiff claims this Court has jurisdiction over this cased based on diversity. According to the probate exception however, a court sitting in diversity cannot decide cases which would require it to "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markhan v. Allen*, 326 U.S. 490, 494 (1946). The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court. *Dragan v. Miller*, 679 F.2d 712, 714-15 (7th Cir.) (Posner, J.), *cert. denied*, 459 U.S. 1017, (1982).

The plaintiff claims that in light of the recent Supreme Court decision of *Marshall v.*

---

[2] The subject property is described as follows: Lot No. 6, Block 24, Unit No. XII Suburban Subdivision of Tract 112, Dededo, Guam, Area 8324 square feet. *See* Amended Complaint, Exhibit A, Docket No. 2.

[3] The complaint was amended on February 13, 2006. *See* Docket No. 2.

*Marshall*, 126 S.Ct. 1735, (2006), the probate exception does not apply to this matter because the Supreme Court has recognized the supremacy of the federal court's jurisdiction in adjudicating suits in favor of creditors, legatees, heirs and other claims against a decedent's estate. In this instance, the plaintiff claims she is seeking to remove a cloud on the title of the subject property, not probate a will.

In *Marshall*, the Supreme Court addressed whether a federal district court had jurisdiction over a widow's tort claim asserted against her stepson. After the widow filed for Chapter 11 bankruptcy, the stepson filed a claim in the bankruptcy case alleging various torts. In response the widow filed counterclaims against her stepson arguing that he had tortiously interfered with her expectancy of inheritance or gift from her deceased husband. The bankruptcy court ruled in favor of the widow and awarded her substantial compensatory and punitive damages. Upon review of the bankruptcy court's judgment, the district court adopted the judgment and supplemented its findings determining that the stepson had tortiously interfered with the widow's expectancy. The Ninth Circuit reversed, and found that the federal courts did not have jurisdiction over the subject matter since the widow's counterclaims involved probate matters. The Supreme Court reversed the Ninth Circuit finding that the mother's counterclaims did not involve the administration of an estate, the probate of a will, or any other core probate matter. The Court held:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But, it does not bar federal courts from adjudicating matters outside those confines and otherwise in federal jurisdiction.

*Marshall*, at 1748.

The *Marshall* Court noted that the widow sought an *in personam* judgment against her stepson, not the probate or annulment of a will. Nor did she seek to reach a *res* in the custody of the state court. In contrast here, the Court is asked to administer the *res* of the decedent's estate in determining the parties' interest in the subject property. By the Court giving the plaintiff quiet title in fee simple, the Court would be making a finding that the plaintiff is the sole heir and would disturb the possession of real property in the custody of the Guam probate courts. Such a determination could be in direct conflict with the probate court's decision. Therefore, because

3

determining the interest of the property requires this Court to deal with issues normally resolved by a probate court and could potentially lead to a conflicting result, the probate exception is applicable in this case.

In addition, the Court notes that as to defendant Milarose Nilooban, the amount in controversy does not satisfy the $75,000 "amount in controversy" requirement. There is no allegation that the defendants have claimed title to the property. In fact, defendant Milarose Nilooban, acknowledged that she had no claim or right of ownership in the subject property. *See* Declaration of Milarose Nilooban, at ¶ 4, Docket No. 14. The only dispute seems to exist as to the amount of outstanding rent due the plaintiff. The disputed rent is approximately $12,000, which is clearly short of the jurisdictional amount required.

## CONCLUSION

For the foregoing reasons, the Court finds it is without jurisdiction over this matter and **GRANTS** defendant's Motion to Dismiss. Accordingly, this case is **DISMISSED** without prejudice as to defendant Milarose Nilooban as well as to any and all other named and unnamed defendants.[4]

**SO ORDERED** this 29 day of June, 2006.

WM. FREMMING NIELSEN*
United States District Judge

---

[4] In addition the Court finds the Motion to Amend, Docket No. 16, filed by the plaintiff on June 14, 2006 is hereby moot and will not be addressed further.

*The Honorable Wm. Fremming Nielsen, United States Senior District Judge for the Eastern District of Washington, by designation.